IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

HECK YEA! QUARTER HORSES, LLC                                    PLAINTIFF

VS.                                     Civil Action No. 3:10-CV-873-HTW-LRA

RENFROW SUPPLY, LLC; FI-FOIL
COMPANY, INC.; and ABC COMPANIES 1-10              DEFENDANTS

## ORDER DENYING REMAND

This matter comes before the court on the plaintiff's motion to remand [docket no. 6]. The plaintiff, Heck Yea! Quarter Horses, LLC, filed suit in the First Judicial District of the Circuit Court of Hinds County, Mississippi, charging the defendants with negligence, breach of warranty and breach of implied warranty for manufacturing, selling and installing a defective product, namely installation in the plaintiff's buildings on plaintiff's property.

Defendant Fi-Foil Company, Inc. filed a notice of removal, later joined by defendant Renfrow Supply, LLC, asserting that the parties are completely diverse under Title 28 U.S.C. § 1332[1] in that plaintiff Heck Yea! Quarter Horses, LLC, is a Louisiana limited liability company; defendant Renfrow Supply, LLC, is a Virginia limited liability

---

[1]Title 28 U.S.C. § 1332 states in pertinent part, "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- (1) Citizens of different States. . ."

1

company; and Fi-Foil Company, Inc., is a Florida corporation. Plaintiff Heck Yea! Quarter Horses, LLC, on the other hand, argues that defendant Renfrow Supply, LLC, has citizenship in Mississippi, and that the "forum defendant rule," Title 28 U.S.C. § 1441(b),[2] bars this court from exercising jurisdiction. For this reason, plaintiff asks this court to remand this lawsuit to state court. This court, however, finds that removal was proper for the reasons stated herein.

**I. Facts and Background**

The facts here are as provided in the second amended complaint. On March 14, 2005, Heck Yea! Quarter Horses, LLC ("Heck Yea") purchased property, which included a preexisting building, in Terry, Mississippi, containing insulation manufactured by Fi-Foil Company, Inc. ("Fi-Foil"). This insulation had been installed between August 18, 2004, and November 4, 2004. Second Amended Complaint at ¶6. Between April 2006 and September 2006, the plaintiff built a new structure on the property and purchased additional Fi-Foil insulation from Renfrow Supply, LLC ("Renfrow"), a distributor. *Id.* at ¶7. Plaintiff claims that the insulation materials produced by Fi-Foil and sold by Renfrow deteriorated in 2008 and 2009, ultimately requiring replacement. *Id.* at ¶8.

Heck Yea filed its original complaint on August 13, 2010, in the First Judicial District of Hinds County, Mississippi. On October 11, 2010, Heck Yea filed its first amended complaint, and on November 15, 2010, Heck Yea filed its second amended complaint. Therein, Heck Yea alleges that Fi-Foil negligently manufactured the insulation such that it did not properly function as insulation when it was sold. *Id.* at ¶10.

---

[2] Title 28 U.S.C. § 1441(b) states in pertinent part, "[a]ny other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Heck Yea charges Renfrow and the unnamed defendants with negligently selling to the plaintiff and the previous owner of the property improper or defective insulation. *Id.* at ¶ 11. Heck Yea also charges defendants with breach of express and implied warranties. *Id.* at ¶¶13-16. Heck Yea says the defendants gave Heck Yea an express and implied warranty that the insulation would be fit for its intended use and "would last for more than two to four years," but the insulation did not function in the manner or for the length guaranteed. *Id.* at ¶¶ 14, 20. Heck Yea requests actual, compensatory, consequential and incidental damages in an amount in excess of the jurisdictional threshold, $200,000.00.[3]

Heck Yea served Fi-Foil on November 23, 2010, and Renfrow on November 29, 2010. Fi-Foil filed a notice of removal, pursuant to Title 28 U.S.C. §§ 1332,[4] 1441[5] and 1446,[6] on December 23, 2010 [docket no. 1]. Renfrow joined in the notice of removal on December 27, 2010 [docket no. 2]. Heck Yea filed its motion to remand pursuant to

---

[3] The circuit courts of Mississippi have jurisdiction in "all actions when the principal of the amount in controversy exceeds two hundred dollars, and of all other actions and causes, matters and things arising under the constitution and laws of this state which are not exclusively cognizable in some other court, and such appellate jurisdiction as prescribed by law." Miss. Code Ann. § 9-7-81.

[4] See footnote 1.

[5] Title 28 U.S.C. § 1441(a) provides that, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

[6] Title 28 U.S.C. § 1446(a) states in pertinent part that, "[a] defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal. . ."

Title 28 U.S.C. § 1447[7] on January 10, 2011 [docket no. 6]. Renfrow responded and submitted an affidavit attesting that its citizenship was not in Mississippi [docket no. 13].[8] This court granted Renfrow's request to file a surreply [docket no. 17] in association with Heck Yea's motion to remand with an additional affidavit claiming it is not a citizen of Mississippi.

The dispute over Renfrow's citizenship continued. This court held a hearing in this matter on December 7, 2011, in which this court stated that it would allow the parties to conduct a deposition for the purpose of establishing Renfrow's citizenship. The parties shortly thereafter, on December 16, 2011, took the deposition of Peter A. Metters, Esquire, employed with Masco Corporation as associate corporate counsel from January 1, 1999, to November 2008, and associated with Masco Corporation as an independent contractor from April 2009 through at least the date of the deposition. Metters Deposition at pp.6-7. Metters' responsibilities upon returning to Masco Corporation in 2009 included managing litigation against Renfrow and Service Partners. Id. at pp.8-9. Masco Corporation owns Masco Services Group Corporation ("Masco Services"). Id. at p.22. Masco Services owns Service Partners. Id. at p.9. Service Partners owns Renfrow. Id. at p.8.

## II. Jurisprudence

A case may only be removed from a state court to a federal district court if the

---

[7]Title 28 U.S.C. § 1447(c) provides in pertinent part that, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a) [28 USCS § 1446(a)]. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

[8]Fi-Foil joined Renfrow's response to Heck Yea's motion to remand [docket no. 15].

district court would have had original jurisdiction. § 1441(a). District courts have original jurisdiction of matters in which the parties are diverse and the amount in controversy is greater than $75,000, exclusive of costs and interest. § 1332(a). Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citation omitted). No party disputes that the amount in controversy is met in the case *sub judice*. The parties dispute whether complete diversity exists. The entire conflict now centers around whether Renfrow has provided sufficient and competent evidence to prove diversity jurisdiction under § 1332 exists.

As a court of limited jurisdiction, this court must ascertain subject matter jurisdiction under the presumption that a lawsuit lies outside its jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912 (5th Cir. 2001). When jurisdiction rests on diversity of the parties, the party asserting federal court jurisdiction must "*distinctly* and *affirmatively*" allege the parties' citizenship. *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (emphasis in original) (citations omitted). Renfrow is a limited liability company, and its citizenship is determined by the citizenship of all of its members. *Harvey*, 542 F.3d at 1080.

Renfrow initially filed an affidavit from Sharon A. Werner, a corporate paralegal with Masco Corporation. Her affidavit outlines the membership of Renfrow, stating:

> 3. Renfrow Supply, LLC is a Limited Liability Company formed in the State of Virginia. It has one member, Service Partners, LLC.
>
> 4. Service Partners, LLC is a Limited Liability Company formed in the State of Virginia. It has one member, Masco Services Group Corp.

5

5. Masco Services Group Corp. (Masco Services) is a Delaware Corporation, whose principal place of business is not located in the State of Mississippi. Masco Services was previously known as Masco Contractor Services, Inc. Masco Services is wholly owned by Masco Corporation.

6. Masco Corporation is a Delaware Corporation whose principal place of business is not located in the State of Mississippi.

7. The high level officers of Masco Services direct, control and coordinate the corporation's activities from a State other than Mississippi.

Werner Affidavit [docket no. 13-1].

In response to Heck Yea's assertions of insufficiency, Renfrow has filed a second affidavit of Werner which states:

3. Renfrow Supply, LLC is a Limited Liability Company formed in the State of Virginia. It has one member, Service Partners, LLC.

4. Service Partners, LLC is a Limited Liability Company formed in the State of Virginia. It has one member, Masco Services Group Corp.

5. Masco Services Group Corp. (Masco Services) is a Delaware Corporation.

6. Masco Services' high level officers direct, control, and coordinate the corporation's activities from within the State of Florida.

7. Masco Services' corporate headquarters is located in the State of Florida.

8. Masco Services' principal place of business is located in the State of Florida.

Second Werner Affidavit [docket no. 17-2].

Heck Yea argues that the affidavit simply stating that the principal place of business of Masco Services is in Florida is a conclusory and insufficient allegation as opposed to the distinct and affirmative allegation required by *Getty Oil*. 841 F.2d at 1259. This court agrees.

6

"In cases involving corporations, allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation." *Getty Oil*, 841 F.2d at 1259. Merely alleging that a corporation is a citizen of one place and not a citizen of another is insufficient for jurisdictional purposes. *Id.* at 1259. The issue of incorporation is a fact which can be determined conclusively by reviewing the corporation's registration with the secretary of state. Determining a corporation's principal place of business, however, is a more intensive inquiry. *Hertz* explicitly rejects the notion that jurisdiction of a corporation is determined according to where general business activities occur. *Id.* at 1193. *Hertz* requires that the party asserting jurisdiction establish the location of a corporation's "nerve center," the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, \_\_\_\_ U.S. \_\_\_\_\_, 130 S. Ct. 1181, 1192, 175 L. Ed. 2d 1029 (2010). The nerve center is ordinarily considered the corporation's headquarters. *Id.* at 1193. When challenged on this issue, as in this case, the parties asserting jurisdiction must support their allegations by competent proof. *Id.* at 1994-95. A mere statement of citizenship or listing of offices is insufficient to establish a corporation's nerve center. *Id.* at 1995.

By providing an affidavit stating that the corporation's "high level officers direct, control, and coordinate the corporation's activities from within the State of Florida" and its "principal place of business is located in the State of Florida," the defendant has applied the nerve center test and offered its conclusions to the court. This court prefers to make its own determination. Accordingly, this court allowed the parties to gather more information, and the parties did so, submitting to the court the testimony of Metters, counsel of Masco Corporation.

Renfrow, as a limited liability company, adopts the citizenship of its members. Metters testified, consistent with Werner's affidavits, that Renfrow has one member, Service Partners. Metters Deposition at p.9. The citizenship of Service Partners, also a limited liability company, is determined by its members. Werner's affidavits state Service Partners has one member, Masco Services. Metters' testimony does not identify the members of Service Partners but does state that Service Partners has a relationship with Masco Services. Metters Deposition at p.9. Metters' testimony does not refute Werner's affidavit concerning the membership of Service Partners. This court, then, concludes that Service Partners has one member, Masco Services.

Masco Services is a corporation. In order to establish the citizenship of Masco Services, Renfrow must establish Masco Services' state of incorporation and principal place of business. Metters testified, consistent with Werner's affidavits, that Masco Services' state of incorporation is Delaware. Metters Deposition at p.12.

As to Masco Services' principal place of business, Metters and Werner differ. Metters testified that Taylor, Michigan, is the location of Masco Services' only office as well as the location from which the three officers - the president and two vice-presidents – that direct, control and coordinate Masco Services perform their duties. *Id.* at pp.12-14. Metters said Masco Services' principal place of business had been in Taylor, Michigan, at least since December 2010. *Id.* at p.12. Metters said Masco Services previously had its primary office in Daytona Beach, Florida, from 2000 until the point at which, or some time after, the office moved to Taylor, Michigan. *Id.* at pp.12-13. At the time of Metters' deposition testimony, Masco Services had no office in Daytona Beach, Florida. Daytona Beach, Florida, and Taylor, Michigan, are the only two cities where

Masco had an office from 2000 through 2011.  *Id.* at p.13.  Metters says while it is possible for a time that Masco had offices in both cities, in February 2011, at the time Werner made the declarations in her affidavit, the officers executing direction, control and coordination of Masco Services were doing so exclusively in Michigan and not in Florida as Werner's affidavit states.  Metters Deposition at pp.23-24.  This case consists of alleged wrongful activity committed around 2004 to 2006.  It is unclear when Masco Services closed its office and operations in Florida and began to operate solely in Michigan.  It is clear, however, that at no pertinent time was Masco Services' principal place of business located in Mississippi.

Masco Services is incorporated in Delaware and at all pertinent times had its principal place of business in either Florida or Michigan.  Masco Services was not, during the time in question, a citizen of Mississippi.  Masco Services' citizenship, as the only member of Service Partners, constitutes Service Partners' citizenship, and Service Partners' citizenship determines Renfrow's citizenship.  This court is persuaded that, for jurisdictional purposes, Renfrow is not a citizen of Mississippi; thus, diversity jurisdiction exists.

### IV.  Conclusion

By establishing the citizenship of the entities in its chain of membership, Renfrow has shown that it is not a Mississippi citizen.  This court finds, then, that the parties *sub judice* are completely diverse under § 1332(a).  Having concluded that diversity jurisdiction exists, this court denies Heck Yea's motion to remand [docket no. 6]. The parties are directed to contact the Magistrate Judge within the next ten days for entry of a scheduling order.

9

**SO ORDERED AND ADJUDGED**, this the 2nd day of May, 2012.


                                                         s/ HENRY T. WINGATE
                                                         UNITED STATES DISTRICT COURT


Civil Action No. 3:01-CV-873-HTW-LRA
Order Denying Remand